**Dated: March 28, 2006**
**The following is ORDERED:**



_____
Tom R. Cornish
UNITED STATES BANKRUPTCY JUDGE

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

IN RE:

**ARON F. SPEARS,**           Case No. 05-72240
                                     Chapter 7

         Debtor.

**JACQUELINE DUNLAP,**

         Plaintiff,

vs.                          Adv. No. 05-7084

**ARON F. SPEARS,**

         Defendant.

## O R D E R

This matter comes before the Court upon Plaintiff Dunlap's Motion for Summary Judgment to except her claim from discharge in bankruptcy pursuant to 11 U.S.C. §

1

EOD 3/28/06 by tc

Case 05-07084    Doc 48    Filed 03/28/06    Entered 03/28/06 11:34:30    Desc Main
Document    Page 1 of 4

523(a)(2)(A) and (a)(4), and Defendant Spears' Objection thereto. Plaintiff appears by and through her attorney, James R. Hicks, and Defendant appears by and through his attorney, James A. Conrady. Upon hearing the argument of counsel and reviewing the briefs and authorities presented, the Court has reached a decision in this core proceeding. For the reasons set forth below, the Plaintiff's Motion for Summary Judgment is denied.

To prevail on a motion for summary judgment Plaintiff must establish that there are no material facts in dispute and Plaintiff is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056. Plaintiff seeks to except from discharge her judgment against Defendant entered on April 26, 2005 in the District Court of Creek County, Oklahoma, because the judgment was purportedly for fraud and embezzlement. She urges summary judgment on the grounds that the *Rooker-Feldman* doctrine deprives this court of subject matter jurisdiction; there are no fact issues in dispute since the issues of fraud and embezzlement have previously been agreed to and determined in the state court proceeding; and that Defendant is barred from relitigating these issues in this adversary proceeding.

This Court does not believe that the *Rooker-Feldman* doctrine is applicable in this case. *Rooker-Feldman* applies in cases where a losing party in state court seeks to use the federal courts to attack the state court decision by claiming that the state court judgment violated that losing party's federal rights. *See, Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144 (10th Cir. 2004)(citations omitted). Defendant is not attempting to attack or undo the state court judgment through this proceeding. He has not argued a violation of his federal rights by the state court. He simply argues that the state court judgment is not the type that may be excepted from discharge in his bankruptcy case.

2

Accordingly, *Rooker-Feldman* does not bar this Court from exercising subject matter jurisdiction and considering the dischargeability of the state court judgment.

Plaintiff also argues that Defendant previously agreed in the state court proceeding that he is guilty of fraud and embezzlement, therefore there is no need for this Court to review the underlying facts. For this Court to give preclusive effect to a state court judgment and bar the parties from relitigating the factual issues underlying the determination of dischargeability, it must determine whether: (1) the issue to be precluded is the same as that involved in the prior state court action, (2) the issue was actually litigated by the parties in the state action, and (3) the state court's decision was necessary to the resulting final and valid judgment. *In re Wallace*, 840 F.2d 762 (10th Cir. 1988).

The Journal Entry which Defendant's state court attorney signed does not include any particular findings of fact, nor does it state upon what cause of action the judgment is based. Although a previous journal entry of judgment, entered May 19, 2004, includes findings that Plaintiff alleged fraud in her Petition, it also states that the parties entered into a written contract for the home repair. That journal entry was entered by default and was later set aside upon Defendant's motion. Defendant has filed an Affidavit with this Court stating that he did not give his attorney in the state court action permission to enter into any stipulation. Whether he agreed to a stipulation or not, this Court cannot make a determination as to the issues actually agreed upon and determined in the state court action based upon the journal entry filed on April 26, 2005. From the face of the April 26, 2005 journal entry there is no indication as to what issues were addressed by the state court, there are no findings which indicate the court made a finding of fraud, nor does it appear that a full and fair hearing was conducted on the merits of the case by the state

3

Case 05-07084    Doc 48    Filed 03/28/06    Entered 03/28/06 11:34:30    Desc Main
Document    Page 3 of 4

court. Accordingly, this Court cannot give preclusive effect to the state court judgment.

Therefore, the Court finds that the Motion for Summary Judgment should be **denied**.

# # #

4